## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ALANA C. POND,

        Plaintiff,

v.                                  CASE NO. 8:22-cv-1281-CEH-TGW

KILOLO KIJAKAZI,
Acting Commissioner, Social
Security Administration,

        Defendant.

_____

## REPORT AND RECOMMENDATION

      The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments. Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, I recommend that the decision of the Commissioner be affirmed.

### I.

      The plaintiff, who was forty-six years old at the time of the administrative hearing, has a college associate's degree and previously worked as a certified nurse assistant (Tr. 27, 40). She filed a claim for supplemental security income payments, alleging that she became disabled due to dropped right foot, crushed right knee, inability to balance/stand/walk

for long periods, nerve damage, PTSD, and extreme pain (Tr. 213).[1]  The claim was denied initially and upon reconsideration.

The pro se plaintiff received at her request a de novo audio hearing before an administrative law judge.  The law judge found that the plaintiff had severe impairments of status post extremely remote right lower leg surgery with right lower extremity atrophy; pan-compartmental right knee arthrosis with meniscus chondrocalcinosis; surgical changes from remote ligament graft repair; and depression with anxiety and post-traumatic stress disorder (PTSD) (Tr. 20).

The law judge determined that, with those impairments, the plaintiff has the residual functional capacity

> to perform sedentary work as defined in 20 CFR 416.967(a) with the following additional limitations: able to stand and/or walk about two to four hours total of an eight-hour workday; able to sit for six hours total of an eight-hour workday, with all positions considering the standard scheduled breaks every two hours in an eight-hour workday; occasional operation of foot controls and pushing and pulling with the right dominant lower extremity; occasional balancing, stooping, kneeling, crouching, crawling and climbing of

---

[1] The plaintiff also filed an application for disability insurance benefits that was dismissed (Tr. 44-45).  As the law judge explained to the plaintiff, her eligibility for such benefits expired in 2010 (see Tr. 43-45).  See 20 C.F.R. 404.130(a), (b).  The plaintiff contends that her wage records do not accurately reflect her work history due to a failure to file tax returns for several years, which she is working to resolve (see Tr. 40-45).  However, the law judge correctly relied upon the wage information in the record (Tr. 203).

ramps or stairs; no climbing of ladders, ropes, or scaffolds or exposure to unprotected heights; must avoid concentrated exposure to extreme vibrations, cold temperatures, and wetness; and able to understand and carry-out routine, repetitive and unskilled tasks; limited to making basic decisions; and limited to adjusting to simple changes in a work setting.

(Tr. 22).

The law judge concluded, based on the testimony of a vocational expert, that the plaintiff is unable to perform her past relevant work as a certified nurse assistant (Tr. 27). However, in light of the testimony of the vocational expert, the law judge determined that the plaintiff could perform other jobs that exist in significant numbers in the national economy, such as call-out operator, document preparer/scanner, and a telephone order clerk (Tr. 28). Consequently, the law judge found that the plaintiff was not disabled (id.).

The plaintiff then filed an appeal with the Appeals Council and they declined her request for review (Tr. 1). Therefore, the Appeals Council let the decision of the law judge stand as the final decision of the Commissioner of Social Security.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

4

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  <u>Grant</u> v. <u>Richardson</u>, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied, and legal requirements were met.  <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff, proceeding <u>pro</u> <u>se</u>, alleges that the law judge committed several errors (Docs. 11, 13).  The Commissioner argues that the plaintiff forfeited her appeal and that, in all events, substantial evidence supports the law judge's decision (Doc. 12).

5

The Commissioner argues that the plaintiff forfeited her appeal because she "failed to provide any legal authority, citations to the record, or substantive arguments in her brief" (id., p. 7). Under the Scheduling Order and Memorandum Requirements, "challenges must be supported by citations to the record of the pertinent facts and by citations of the governing legal standards" and the plaintiff was cautioned that "[a]ny contention for which these requirements are not met will be deemed forfeited and not evaluated" (Doc. 9, p. 2). Eleventh Circuit authority also held that an undeveloped argument may be deemed forfeited. See Outlaw v. Barnhart, 197 Fed. Appx. 825, 828 n.3 (11th Cir. 2006), citing Cheffer v. Reno, 55 F.3d 1517, 1519 n. 1 (11th Cir.1995).

The plaintiff's memorandum is merely a list of purported errors by the law judge. There are no citations to legal authority nor did she develop any cogent argument. Thus, the plaintiff's memorandum clearly does not satisfy briefing requirements under my Scheduling Order and Memorandum Requirements and Eleventh Circuit authority.

On the other hand, the plaintiff is proceeding pro se. Therefore, it is appropriate to view her contentions liberally. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020). Therefore, to the extent that I was able to discern her arguments, I have evaluated them. None is meritorious.

A. The plaintiff alleges that the record was not fully developed. Specifically, she asserts that the law judge "did not have the opportunity to speak with [her] husband" and that the law judge was unable to see the manifestations of her anxiety during the hearing, <u>i.e.</u>, she was purportedly "shak[ing] and pac[ing]" (Doc. 11, p. 2). This argument is unavailing.

The law judge "has a basic duty to develop a full and fair record." <u>Ellison</u> v. <u>Barnhart</u>, 355 F.3d 1272, 1276 (11th Cir.2003).[2] This includes development of the claimant's "complete medical history for at least the 12 months preceding the month in which [she] file[s her] application." <u>Id.</u>, <u>quoting</u> 20 C.F.R. 416.912(d). However, "the claimant bears the burden of proving that [s]he is disabled, and, consequently, [s]he is responsible for producing evidence in support of h[er] claim." <u>Ellison</u> v. <u>Barnhart</u>, <u>supra</u>, 355 F.3d at 1276; <u>see also</u> 20 C.F.R. 416.912(a).

Furthermore, a failure to develop the record does not warrant a remand unless the plaintiff demonstrates evidentiary gaps in the record which result in "unfairness or clear prejudice." <u>Graham</u> v. <u>Apfel</u>, 129 F.3d 1420, 1423 (11th Cir.1997). Specifically, the plaintiff must identify "what

---

2 The law judge's obligation to develop a full and fair record rises to a special duty when the claimant does not waive her right to representation. <u>Graham</u> v. <u>Apfel</u>, 129 F.3d 1420, 1422 (11th Cir. 1997). However, the plaintiff clearly waived her right to representation (<u>see</u> Tr. 38-39).

facts could have been submitted ... that would have changed the outcome."
Edwards v. Sullivan, 937 F.2d 580, 586 (11th Cir.1991). The plaintiff does
not show that the law judge failed to develop the record or that there are
prejudicial gaps in the record.

As indicated, the plaintiff asserts that the law judge "did not
have the opportunity to speak with [her] husband" (Doc. 11, p. 2). However,
it was the plaintiff's responsibility to tell the law judge that she wanted her
husband to testify, and she did not, despite opportunities to do so. See Ellison
v. Barnhart, supra, 355 F.3d at 1276 (The plaintiff is "responsible for
producing evidence in support of h[er] claim."). Thus, when the hearing
began, the law judge asked the plaintiff if her husband was in the room; she
said no without mentioning that she wanted him to testify (Tr. 37). The law
judge subsequently asked the plaintiff if there was information missing from
the record and, at the end of the hearing, he questioned whether she thinks
that they "pretty much ... covered everything" (see Tr. 62-63). The plaintiff
did not mention her husband's testimony in response to either question, or at
any other time. Therefore, the law judge did not fail to develop the record.

Furthermore, the plaintiff did not show that she was prejudiced
by the absence of his testimony. The plaintiff's vague assertion that her
husband could "better describe the extreme decreases in [her] mental and

8

physical functions" (Doc. 11, p. 2), is speculative and insufficient to show prejudice. See Edwards v. Sullivan, supra, 937 F.2d at 586. Notably, the law judge mentioned the plaintiff's articulateness (Tr. 20), so that elaboration on the plaintiff's functionality was unnecessary.

In all events, the plaintiff's husband completed a Function Report (Ex. 8E; Tr. 248-56) that was essentially duplicative of the plaintiff's testimony. Since it is implicit in the law judge's credibility determination that he did not find the husband's assertions fully credible, see Osborn v. Barnhart, 194 Fed. Appx. 654, 666 (11th Cir.2006), there is no reason to think that the law judge would have credited the husband's hearing testimony.

Additionally, the plaintiff argues that the law judge did not have the opportunity to see her "shake and pace and medicate due to the stress of a phone appearance" (Doc. 11, p. 2). The law judge did not see the plaintiff because the plaintiff chose an audio hearing instead of a video or an in-person hearing (Tr. 159, 173, 181). Furthermore, at the hearing, the law judge confirmed with the plaintiff that she had no objection to conducting the hearing by telephone (see Tr. 38). Therefore, the contention that the law judge failed to develop the record because the plaintiff did not request the opportunity to appear by video is frivolous.

In all events, it is unlikely that the plaintiff's alleged nervous reaction would have affected the law judge's decision because, as the plaintiff and law judge acknowledged (Doc. 11, p. 2; Tr. 21), the hearing was a stressful circumstance. Further, the law judge mentioned that the plaintiff's treating medical provider did not observe any abnormal behaviors (Tr. 21, citing Ex. 1F). See Buckwalter v. Acting Commissioner of Social Security, 5 F.4th 1315, 1326 (11th Cir. 2021) (Medical records indicating the plaintiff was polite, cooperative, and showed good judgment are probative of mental functioning.).

In sum, the plaintiff has not shown that the law judge failed to develop the record or that she was prejudiced by the absence of evidence. See Ellison v. Barnhart, supra, 355 F.3d at 1276; Edwards v. Sullivan, supra, 937 F.2d at 586. Accordingly, the plaintiff is not entitled to remand of this case on this basis.

B. The plaintiff also contends that the law judge did not properly evaluate her allegations of anxiety and PTSD (see Doc. 11, pp. 2-3). This contention is unavailing.

As the law judge noted (Tr. 23), the plaintiff testified at the administrative hearing that she could not work due to substantial permanent

10

impairments to her right leg that she sustained in a car accident when she was a child (Tr. 45-46).

The law judge also found that the plaintiff had severe mental impairments of depression with anxiety and PTSD (Tr. 20). He determined that the plaintiff's mental impairments cause mild limitations in the areas of understanding, remembering, or applying information; interacting with others; and adapting or managing oneself; and a moderate limitation in "concentrating, persisting or maintaining pace" (Tr. 20-21). He accommodated those limitations by substantially restricting the plaintiff's mental residual functional capacity (RFC) to "routine, repetitive, and unskilled tasks; ... making basic decisions; and ... simple changes in a work setting" (Tr. 22).

The law judge explained these findings in his assessment of the four broad areas of mental functioning ("the paragraph B criteria") (Tr. 20-21). Furthermore, the decision is supported by substantial evidence.

A plaintiff's statements about her symptoms will not alone establish that she is disabled, 20 C.F.R. 416.929(a), and the law judge found that the medical and other evidence does not support the plaintiff's claims of disabling anxiety and PTSD. See Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005), quoting McCruter v. Bowen, 791 F.2d 1544, 1547

(11th Cir. 1986) (It is well-established that "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient [to show disability]; instead, the [plaintiff] must show the effect of the impairment on her ability to work.").

For example, treatment notes show that the plaintiff was alert and oriented as to person, place and time; she had good judgment and reason, and exhibited no abnormal behaviors or hallucinations (Ex. 1F; Tr. 309-321). See Buckwalter v. Acting Commissioner of Social Security, supra, 5 F.4th at 1326 (Normal findings on mental status examinations are relevant to the degree of mental functioning impairment); 20 C.F.R. 416.929(c)(2) ("Objective medical evidence ... is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of [a claimant's] symptoms and the effect those symptoms ... may have on [a claimant's] ability to work.").

Furthermore, the law judge detailed that, during the hearing, the plaintiff was polite and cooperative, gave relevant and coherent answers, demonstrated an adequate memory, and "[d]espite the undoubted stressfulness of the hearing, the claimant never seemed unusually anxious or irritable" (Tr. 21). Thus, the law judge's interaction with the plaintiff supports his mental RFC determination. See Norris v. Heckler, 760 F.2d

1154, 1158 (11th Cir. 1985) (The law judge may consider the plaintiff's demeanor during the administrative hearing.). The law judge also noted that the plaintiff "provided relevant, coherent, and detailed responses in a host of handwritten forms she completed" (Tr. 20).

Additionally, the law judge appropriately considered the plaintiff's "lack of any consistent or intensive mental health treatment" (Tr. 26). 20 CFR 416.929(c)(3)(v); see also Wolfe v. Chater, 86 F.3d 1072, 1078 (11th Cir. 1996).

Furthermore, the law judge found persuasive the opinions of the reviewing psychologists, who are experts in Social Security disability evaluations, that the plaintiff's mental impairments were not disabling. See Oldham v. Schweiker, 660 F.2d 1078, 1086 (5th Cir. 1981) (A law judge may give substantial weight to the opinion of a non-examining reviewing source whose opinion is consistent with the overall record); 20 C.F.R. 416.920c (The medical source's familiarity and understanding of the disability program is a factor to consider in determining the probative value of the medical opinion). Specifically, the reviewing doctors opined that the plaintiff had no more than moderate limitations in the four broad areas of mental functioning (Tr. 109, 112-14; 126-27, 133-36). Notably, the record does not contain the opinion of a reviewing or examining doctor that the

plaintiff's mental impairments cause greater limitations than the law judge's determination of the plaintiff's RFC, much less that the plaintiff's mental impairments are disabling.

Finally, the law judge appropriately considered the plaintiff's activities of daily living in determining the degree to which the plaintiff's mental functioning was impaired. See Buckwalter v. Acting Commissioner of Social Security, supra, 5 F.4th at 1325-26 (The plaintiff's activities of daily living are relevant to determining the plaintiff's functioning.). In this respect, the plaintiff stated that her daily activities include household chores, reading, writing, and painting (Tr. 241, 281, 323). She visits with family weekly, shops with her husband, and is able to manage money (Tr. 240-41, 323). The law judge could clearly conclude that these activities are not consistent with debilitating mental limitations. See Buckwalter v. Acting Commissioner of Social Security, supra, 5 F.4th at 1325-26

The plaintiff quibbles with the law judge's determination of her mental RFC. Since the law judge's determination is supported by substantial evidence, it is insufficient for the plaintiff to merely identify evidence that could support a finding of disability; rather, to overturn the Commissioner's credibility finding, the plaintiff must identify record evidence that compels a more restrictive mental RFC. See Adefemi v. Ashcroft, supra, 386 F.3d at

1027 (Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."). The plaintiff does not satisfy her burden.

The plaintiff's only specific allegation regarding the law judge's decision of her mental functioning is that the law judge erroneously considered her lack of mental health treatment. Initially, it is noted that the law judge considered several factors in discounting allegations of disabling mental impairments, only one of which was her lack of mental health treatment (see Tr. 20-22). Furthermore, as indicated, the regulations direct the law judge to consider the plaintiff's treatment in determining the degree of limitation caused by an impairment. 20 C.F.R. 416.929(c)(3)(v).

The plaintiff contends that the law judge should not have considered her lack of treatment because her "extreme anxiety around medical person[nel] makes it too traumatic to be helpful" (Doc. 11, p. 2). This argument fails because, among other things, the plaintiff's allegation is undermined by records showing that she sought medical treatment for panic attacks and pain (see Exs. 1F, 4F). Furthermore, treatment notes indicate that, at those appointments, the plaintiff was not in distress, exhibited no

15

abnormal behavior, and showed good judgment and reason (see, e.g., Tr. 318). Therefore, the plaintiff's contention that the law judge improperly considered her lack of mental health treatment is meritless.

Additionally, the plaintiff states that "[s]ince the loss of my son in Dec[ember] 2021, my mental symptoms have intensified ..." (Doc. 11, p. 3). These allegations, however, are not relevant to this claim period. See Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (An SSI appeal requires the plaintiff to show she is disabled by the date of the law judge's decision.). The pertinent disability period was June 27, 2020, through September 24, 2021 (see Tr. 28-29). This grievous circumstance occurred in December 2021, months after the expiration of the alleged disability period. Therefore, a subsequent disability application would have been necessary to address the alleged worsening of her mental condition.

In sum, substantial evidence supports the law judge's determination of the plaintiff's mental functioning during the claim period, and the plaintiff's challenges are not meritorious. See Richardson v. Perales, supra, 402 U.S. at 401 (Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").

C. The plaintiff also argues that the law judge did not properly consider "the amount of medications it takes to deal with the pain" and her

16

allegations of randomly losing consciousness  (Doc. 11, p. 2).  Thus, the plaintiff suggests that the law judge's credibility determination is flawed.

It is well-established that the responsibility for credibility determinations is reposed in the Commissioner and his determination is entitled to deference.  See Moore v. Barnhart, supra, 405 F.3d at 1212; Graham v. Bowen, 790 F.2d 1572, 1574 (11th Cir. 1986) ("The weighing of evidence is a function of the factfinder, not of the district court."). Consequently, to overturn the Commissioner's credibility finding, the plaintiff must demonstrate that the evidence compels a contrary finding. Adefemi v. Ashcroft, supra, 386 F.3d at 1027.   The plaintiff's criticisms of the credibility finding do not amount to such a showing.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints.  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that, under this test, there is objectively

determined medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n. 6 (11th Cir. 1985).

The law judge recognized the need to articulate a credibility determination (Tr. 23). He referred to the pertinent regulation and the Social Security Ruling governing such determinations and recounted the Eleventh Circuit pain standard (id.). This demonstrates that he appropriately applied the Eleventh Circuit pain standard. See Wilson v. Barnhart, 284 F.3d 1219, 1226 (11th Cir. 2002).

Furthermore, the law judge discussed, in detail, the plaintiff's subjective complaints (Tr. 23-24). He concluded, after "consider[ing] all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" (Tr. 23), that the plaintiff's "allegations [were] partially, but not fully, consistent with the record" (Tr. 24).

Significantly, the law judge did not reject all of the plaintiff's subjective complaints. To the contrary, the law judge substantially credited plaintiff's testimony, as he found that the plaintiff was limited to a reduced

range of sedentary work (Tr. 22). Furthermore, the law judge set forth cogent reasons, with record citations, for discounting the credibility of the plaintiff's subjective complaints (Tr. 20-27).

The law judge concluded that the plaintiff's allegations of debilitating pain are not consistent with the objective medical findings that showed, among other normal findings, the plaintiff "remains able to walk with a normal gait with intact neurological functioning," she exhibits a "normal range of motion across all [her] joints and regions of the spine," and has "5/5 strength in all extremities aside from the right lower extremity" (Tr. 24, see also Tr. 25, 26). He also noted that she was able to complete household chores and self-care, albeit with some difficulty due to pain (Tr. 22).

The plaintiff argues that the law judge "did not fully consider the amount of medications it takes to deal with the pain. My body physically cannot handle all the pain medications required to keep me on my feet. I am currently on several medications to control the pain, but they are not as effective, limiting me further" (Doc. 11, p. 2). This argument is baseless.

The law judge clearly considered these allegations. He stated, among other things, that (Tr. 23):

> [t]he claimant testified that she is not able to work
> due to being run over by a car in 1988, when she

19

> was 13 years of age.  Since this accident, the
> claimant said she suffers from chronic pain in her
> right lower extremity and drop foot in her right
> lower extremity ....
>
> ... According to the claimant, she took a lot of
> drugs to manage the pain to allow her to work.  She
> asserted that doctors told her she would die if she
> continued to take that level of medications ....
> Today, the claimant testified that she is no longer
> able to take these medications, and so she endures
> pain all the time.

The law judge also noted the plaintiff's testimony that she currently smokes

marijuana prescribed by a doctor to alleviate pain (Tr. 24).  Moreover, he

expressly stated that he included functional limitations in the RFC to

accommodate pain (Tr. 24, 25).  Thus, the law judge accepted that she

experiences pain, but not to a debilitating degree.

Notably, although the plaintiff indicates that she experiences

unbearable pain, she testified at the hearing that medical marijuana is "a

lifesaver" (Tr. 55) which places her "way more in control ... [of her] pain"

(Tr. 54-55).  The plaintiff also reported to medical personnel that, with

medical marijuana, she is "feeling well" and "is able to function" (Tr. 310).

The plaintiff, moreover, told the consultative physician that she "tries to stay

very active," and that she cares for herself and does household chores (Tr.

323).  She also reported reading, writing, and painting (Tr. 241).  Therefore,

the plaintiff's vague contention, which is inconsistent with other evidence, that her current medication regimen is insufficient to alleviate her pain does not compel a finding that she is disabled.  See Adefemi v. Ashcroft, supra, 386 F.3d at 1027.

The plaintiff also asserts that the law judge did not adequately consider her alleged episodes of losing consciousness, and elaborates that she "stopped driving in 2017 due to fear of loss of consciousness and hurting another person" (Doc. 11, p. 2).  The law judge recounted the plaintiff's testimony that she had "a tendency to pass out" and that, although she has a valid driver's license, "she currently refuses to drive" (Tr. 23).  However, the law judge did not find the plaintiff's allegations fully credible, and the plaintiff does not cite to any evidence supporting—much less compelling— the law judge to accept these allegations.  In fact, there is no evidence of a medical diagnosis underlying these alleged episodes of losing consciousness, which is necessary to establish disability.   See 42 U.S.C. 1382c(a)(3)(A) (An inability to work must be shown by a "medically determinable physical or mental impairment … which has lasted or can be expected to last for a continuous period of not less than twelve months."); 20 C.F.R. 416.929(a) (A plaintiff's statements about her symptoms will not alone establish that she is disabled.).

21

In sum, the law judge's credibility determination is adequate and supported by substantial evidence.   See Heppell-Libsansky v. Commissioner of Social Security, 170 Fed. Appx. 693 (11th Cir. 2006).  The plaintiff has not identified any evidence that compelled the law judge to accept the plaintiff's subjective reports of debilitating impairments.

IV.

Finally, the plaintiff asks the court to consider "[a]dditional information that supports [her] claim[] that just recently became available" (Doc. 13).  This argument is frivolous.  The additional information is four pages of medical records generated in November 2022, more than one year after the law judge's decision, and many months after the Appeals Council's denial of review in April 2022.

Pursuant to the sixth sentence of 42 U.S.C. 405(g), a court may at any time order additional evidence to be taken before the Commissioner, but only upon a showing of new evidence that "is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  Thus, the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is "material," that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the

22

evidence at the administrative level. <u>Caulder</u> v. <u>Bowen</u>, 791 F.2d 872, 877 (11th Cir. 1986); <u>Ashley</u> v. <u>Commissioner, Social Security Administration,</u> 707 Fed. Appx. 939, 946-47 (11th Cir. 2017).

Although this new evidence could not have been presented at the administrative level, it is not material. The first document is a <u>prescription</u> for an MRI of the plaintiff's brain dated November 7, 2022 (Doc. 13, p. 2). There is no reasonable possibility that a prescription for diagnostic imaging that does not contain probative information about the plaintiff's impairments would change the administrative result.

The three remaining pages pertain to an emergency room visit on November 28, 2022, for a "[l]ump on [the plaintiff's] right foot" that developed "several days" earlier (<u>id.</u>, p. 4). Thus, the lump developed more than one year after the alleged disability period ended. Furthermore, the x-ray performed in connection with this swelling was "normal" (<u>id.</u>, p. 3). Therefore, there is no reasonable possibility that these medical records would change the administrative result, either.

Consequently, because the plaintiff has not presented information that is material to this claim, this argument also fails. <u>See</u> 42 U.S.C. § 405(g); <u>Cherry</u> v. <u>Heckler</u>, 760 F.2d 1186, 1192 (11th Cir. 1985).

V.

23

For the foregoing reasons, I recommend that the decision be affirmed, and the case closed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: May 3, 2023.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.