**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALANA C. POND,

    Plaintiff,

v.                                                   Case No: 8:22-cv-1281-CEH-TGW

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**<u>ORDER</u>**

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Thomas G. Wilson (Doc. 14). Magistrate Judge Wilson has recommended that the Court affirm the decision of the Commissioner of Social Security denying Plaintiff's claim for supplemental security income benefits. Plaintiff raises arguments as to the findings of the Administrative Law Judge ("ALJ").

Having reviewed the Report and Recommendation, the parties' filings, and the underlying record, the Court will **ADOPT** the Report and Recommendation of the Magistrate Judge and **AFFIRM** the decision of the Commissioner of Social Security denying Plaintiff's claim for supplemental security income benefits.

**I.**      **BACKGROUND**

Plaintiff Alana C. Pond applied for supplemental security income benefits ("SSI") on June 27, 2020, when she was 45 years old. App. 103. She alleged disabling medical conditions beginning on June 30, 2013, which included a dropped right foot;

crushed right knee; inability to balance, stand, or walk for long periods; nerve damage; post-traumatic stress disorder ("PTSD"), and extreme pain. *Id.* Plaintiff's application was denied on October 26, 2020, and again, upon reconsideration, on February 5, 2020. App. 142, 148. The disability examiners determined that her conditions were not severe enough to keep her from working. App. 118.

On Plaintiff's request, a hearing was held on July 21, 2021, before Administrative Law Judge Elving Torres. App. 34. The ALJ heard testimony from Plaintiff and vocational expert Stephen Cosgrove. *Id.* Plaintiff explained that a childhood car accident crushed her right leg, leaving her with lifelong pain and mobility problems that have worsened in recent years. App. 45-52. She testified that she has become unable to work because the amount of medication required to manage the pain became untenable, and she has difficulty performing activities of daily living without assistance. *Id.* She can no longer use a cane or crutches because of a 2015 injury to her left shoulder. App. 50-51, 54. Plaintiff stated that she manages the pain by consuming large amounts of medical marijuana, which she tolerates better than opioids. App. 54-55. The vocational expert, Cosgrove, testified that a hypothetical individual with sedentary and other physical limitations would be able to perform some jobs that exist in the national economy. App. 59-60. However, if that person also required an unscheduled 15-minute break once per hour to take medication, it is unlikely a job would exist that could accommodate the limitation. App. 60-61.

The ALJ made a decision that was unfavorable to Plaintiff, concluding that she is not disabled under section 1614(a)(3)(A) of the Social Security Act, and that she was

capable of performing work that existed in substantial numbers in the national economy. App. 20-28. His decision was based on the first hypothetical given to the vocational expert, without a 15-minute break limitation. App. 22, 28. The ALJ first determined that the evidence in the record did not support more than a mild mental impairment. App. 20-23. He based this conclusion on Plaintiff's educational history, detailed form responses, and coherent answers to questions in her hearing testimony. *Id.* In addition, he relied on the opinions of a psychological consultative examiner and two independent record reviewers that any mental limitation was mild. *Id.* With respect to physical limitations, the ALJ acknowledged Plaintiff's testimony regarding her subjective pain and mobility limitations, but found that it was not fully consistent with the medical records. App. 23-24. Treatment notes from 2019 and a physical consultative examination on October 14, 2020 found only a slight reduction in range of motion and right lower extremity strength; moreover, she was able to fully squat and get on and off an examining table without assistance. App. 24. The ALJ determined that Plaintiff was more limited than the two independent reviewers had opined and found she could not perform her past relevant work as a certified nurse assistant, but concluded that there was other work she was able to perform. App. 25, 27, 28.

Plaintiff sought review of the ALJ's decision from the Appeals Council, submitting additional medical records. App. 2. The Appeals Council declined review. *Id.*. She then filed this action seeking review of the final administrative decision. Doc. 1. Plaintiff requests reconsideration of the ALJ's decision for several reasons. First,

3

she states that the ALJ discounted her complaints of random loss of consciousness and extreme PTSD because supporting records were unavailable and because her signs of anxiety were not visible during the hearing, which took place over the phone. Doc. 11 at 2. She also asserts that her lack of treatment for mental impairments results from her extreme anxiety around medical personnel. *Id.* Next, Plaintiff argues that the ALJ's reliance on the fact that she still has a driver's license failed to consider the fact that she stopped driving in 2017 because of her medical conditions. *Id.* The ALJ also failed to fully consider the number of medications necessary to handle her pain. *Id.* Her husband and primary caregiver would have been able to provide a fuller account of her mental and physical deterioration. *Id.* Finally, Plaintiff explains that her mental symptoms and losses of consciousness have intensified since the time of the hearing, resulting in even more limited functioning. *Id.* at 3.

In response, the Commissioner of Social Security argues that substantial evidence supports the ALJ's decision. Doc. 12. First, he argues that Plaintiff's appeal has been forfeited because she failed to provide legal authority or substantive arguments. *Id.* at 7. In any event, the ALJ's findings regarding her physical and mental impairments were supported by the medical records. *Id.* at 10-14. He also contends that Plaintiff failed to meet her burden of showing that the record was incomplete or inadequate with respect to the disability period at issue in her claim, particularly as she did not bring any missing evidence or witnesses to the ALJ's attention at the hearing. *Id.* at 14-16.

Magistrate Judge Wilson issued a Report and Recommendation ("R&R") recommending that the ALJ's decision be affirmed. Doc. 14. Because Plaintiff is proceeding *pro se*, he considered the merits of her arguments regardless of any procedural deficiency. *Id.* at 6. However, he concluded that she failed to establish that the ALJ did not develop the record or that there were prejudicial gaps in it. *Id.* at 7-8. Specifically, the ALJ had already considered her husband's account in written form, and it was unlikely her husband's testimony or any alleged nervous reaction displayed during an in-person hearing would have affected the ALJ's decision. *Id.* at 9-10. Next, the magistrate judge found that the ALJ's findings regarding her mental health were supported by substantial evidence, and the ALJ did not err in choosing not to credit her testimony over the records and his own observations. *Id.* at 11-16. Similarly, the ALJ did not err in choosing not to fully credit her pain testimony when faced with conflicting objective evidence. *Id.* at 17-22. Finally, the magistrate court found that Plaintiff's allegations about her deteriorating condition following the hearing are not relevant or material to the claim period. *Id.* at 16, 22-23.

Within 14 days of the issuance of the R&R, Plaintiff filed a document titled "Official Appeal of Order," in which she asked that the "official denial of my case" be reversed. Doc. 16. She explained that she has continued to decline physically and mentally at "an alarming rate" and asked for "the opportunity to show the courts just how much I have declined just since my original filing and how I am incapable of my own daily care on some days." *Id.* The filing was docketed as a Notice of Appeal and the record was transmitted to the Eleventh Circuit Court of Appeals. On August 8,

2023, her appeal was dismissed due to the failure to pay the filing fee or file a motion to proceed *in forma pauperis* to the Eleventh Circuit.[1] Now that the appeal has been dismissed, the Court regains jurisdiction to consider whether to adopt the R&R.

## II.   LEGAL STANDARD

Under the Federal Magistrates Act, Congress vests Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The Act further vests magistrate judges with authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. 28 U.S.C. § 636(b)(1)(B).  After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982).  If specific objections to findings of facts are timely filed, the district court will conduct a *de novo* review of those facts. 28 U.S.C. § 636(b); *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir. 1988).  If no specific objections to findings of facts are filed, the district court is not required to conduct a *de novo* review of those findings. *See Garvey v. Vaughn,* 993 F.2d 776, 779 n.9 (11th Cir.1993); *see also* 28 U.S.C. § 636(b)(1).  In that event, the district court is bound to defer to the factual

---

[1] Plaintiff filed a motion to appeal *in forma pauperis* in this Court. Doc. 18.  However, the Court denied it because it found that the R&R did not constitute an appealable order. Doc. 19.  The Court notified Plaintiff that she could move to withdraw the construed Notice of Appeal and ask for her filing to instead be construed as an objection to the R&R. *Id.*  Plaintiff did not do so.

determinations of the magistrate judge unless those findings are clearly erroneous. *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). Legal conclusions must be reviewed *de novo. Id.* Further, objections to a magistrate judge's report and recommendation must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019).

### III.   DISCUSSION

Courts review a decision by the Commissioner of Social Security "to determine if it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm. Social Security*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderates against the Commissioner's findings, [the Court] must affirm if the decision reached is supported by substantial evidence." *Id.* at 1158-59 (citations and quotations omitted). Here, upon a full and *de novo* review of the record and the magistrate court's legal conclusions, the Court finds that substantial evidence supported the ALJ's decision that Plaintiff was not disabled at the time of the hearing. Accordingly, it adopt the R&R and affirm the ALJ's decision.

As a threshold matter, the Court may only consider Plaintiff's medical condition as of the date of the ALJ's decision, September 24, 2021. *See, e.g.*, 20 C.F.R. § 404.970(a)(5) (any new evidence submitted to the Appeals Council must "relate to

7

the period on or before the date of the hearing decision"); *Walters v. Soc. Sec. Admin., Commissioner*, No. 22-12416, 2023 WL 3701319, *2-3 (11th Cir. May 30, 2023) (new evidence from weeks after ALJ's decision was not chronologically relevant when it did not relate back to condition at time of hearing). Plaintiff's filings before this Court and the Appeals Council have emphasized her continued deterioration since the time of the hearing; she most recently requested the opportunity to show this decline to the courts. *See* Doc. 16; Doc. 11 at 3; App. 304, 306. On appeal, however, this Court's review is limited to deciding whether the ALJ erred in rendering his hearing determination in light of the material and chronologically relevant evidence that was before him or submitted to the Appeals Council. *See Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998) ("Thus, this will be our rule: when the [Appeals Council] has denied review, we will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence."); *Ingram v. Commissioner of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous.").[2]

---

[2] Similarly, Plaintiff argues that the ALJ improperly failed to consider medical records that did not exist, as well as the testimony of her husband, which she did not seek to present. Doc. 11 at 2. The Court agrees with the magistrate judge that she has not established the prejudicial absence of evidence, particularly as she bore the burden of producing evidence in support of her claim. Doc. 14 at 7-10. Nor, for the same reason, does the Court find that Plaintiff has established the existence of new evidence that is material to her claim of disability prior to September 24, 2021, and for which good cause exists for the failure to incorporate it at the hearing, which would warrant remand under sentence six of 42 U.S.C. § 405(g). *See Ingram*, 496 F.3d at 1262, 1267.

To the extent Plaintiff seeks the opportunity to present information about her current condition, she must reapply for benefits and ensure she is prepared to provide all possible supporting documentation. *See* App. 2 (Appeals Council informing Plaintiff that if she wants them to consider evidence from after September 24, 2021, she must reapply).

Based on the material and chronologically relevant information that was provided below, the Court cannot find that the ALJ erred in rendering an unfavorable decision. First, with respect to mental health, there was no objective evidence in the record to support Plaintiff's self-reports regarding a significant mental limitation. The ALJ noted that Plaintiff's observed ability to respond to questions, follow instructions, and retain information was not consistent with a mental limitation. Further, her hearing testimony was almost entirely focused on her physical pain. While she was not required to submit psychiatric treatment records, *see* Doc. 11 at 2, the absence of any supporting documentation, coupled with the existence of contradictory evidence, casts doubt on her self-reports. *See* Doc. 14 at 11-12 (in R&R, noting that "[a] plaintiff's statements about her symptoms will not alone establish that she is disabled," and citing caselaw that a diagnosis is not enough either). Accordingly, based on the record that was before the ALJ, substantial evidence supported his conclusion that Plaintiff did not have a significant mental limitation.

Plaintiff argues that the ALJ failed to take into account her episodes of loss of consciousness, because she was unable to submit records due to the unaffordability of treatment. Doc. 11 at 2. She appears to assert that these episodes have become more

9

frequent since the hearing. *Id.* at 3. But the record before the ALJ did not contain any objective evidence regarding these episodes, including any indication that Plaintiff ever discussed them with a treatment provider. To the extent they have worsened since the hearing, or that Plaintiff has subsequently reported them to a doctor and obtained testing and/or treatment, such information is not chronologically relevant to this appeal, and is properly the subject of a new application. On this record, the ALJ did not err in failing to find a mental or physical limitation because of the episodes of loss of consciousness.

With respect to Plaintiff's physical limitations, the ALJ found that she was significantly limited in the type of work she could perform, but that jobs still existed in the national economy that could accommodate her limitations. In this regard his determination was more favorable than that of the independent reviewers, who opined that she did not require as many accommodations to work. And, as the magistrate court noted, the ALJ largely credited Plaintiff's subjective symptoms in his residual functional capacity finding. Doc. 14 at 18-19. However, he found that the extent of the limitations in Plaintiff's self-reports were not fully consistent with the records of her treatment provider and the consultative examiner, neither of whom observed or noted significant mobility limitations. *See* App. 319, 324. "As the reviewing Court, the question is not whether [the] ALJ could have reasonably credited [the] claimant's pain testimony, but whether the ALJ was clearly wrong to discredit it." *Mahon v. Comm'r of Soc. Sec.*, No. 8:16-cv-1462, 2017 WL 3381714, *9 (M.D. Fla. Aug. 7, 2017), quoting *Werner v. Comm'r of Soc. Sec.*, 421 Fed. App'x 935, 938-39 (11th Cir. 2011)

10

(modifications omitted). The Court cannot say that the ALJ was clearly wrong to give more weight to the medical observations than the self-reports.

Plaintiff argues that the ALJ's conclusion did not consider the amount of medication she must take to handle the pain. Doc. 11 at 2. It is unclear whether she is asserting that the mobility the doctors observed was only possible because of the medication she took on those days—which is not reflected in the records—or if she is making a more general claim that being on medication prevents her from working. The records do support her testimony that she required heavy pain medication until approximately 2017, when she was able to switch to the heavy use of medical marijuana instead. App. 337-412, 310-321. And the ALJ's residual functional capacity did not take into account the need to use medical marijuana throughout the workday to manage pain. App. 28, 59-61. In fact, if he had credited Plaintiff's testimony that she would require an unscheduled 15-minute break at least every hour to consume marijuana, he would have found that there were no jobs she could perform. App. 60-61, 63.[3] However, this information was not adequately developed in the record. For example, Plaintiff's prescribing physician did not detail the required frequency of marijuana use and its impact on her ability to work, nor provide information on alternative consumption methods that may be more consistent with a work schedule. The only information about frequency came from Plaintiff's self-reports, which were

---

[3] Indeed, Plaintiff's application materials point out that she is not permitted to use medical marijuana outside of her personal property, which could mean that she would be limited to working from home. *See* App. 236, 244.

11

somewhat inconsistent. *Compare* App. 238 (reporting in application that she must remedicate every two hours) *with* App. 62 (testifying at hearing that she must consume marijuana every half hour). In this area, too, the record that was before the ALJ is not sufficient to establish error in his residual functional capacity finding.

Plaintiff also asserts that the ALJ improperly listed her active driver's license as evidence against her, even though she stopped driving in 2017. Doc. 11 at 2. As the magistrate court pointed out, the ALJ acknowledged that she refuses to drive. Doc. 14 at 21, citing App. 23. On the other hand, elsewhere in his opinion the ALJ stated, "She also admits that she retains a valid driver's license, and there are few more dangerous pieces of moving machinery that a person operates than a motor vehicle." App. 25. Nonetheless, this statement was made only in the context of environmental limitations, rather than as evidence that she is not physically impaired. Plaintiff does not challenge the ALJ's finding with respect to environmental limitations. Accordingly, the Court finds no error in the ALJ's decision.

Because the ALJ's decision that Plaintiff is not disabled was supported by substantial evidence, it must be affirmed. It is therefore **ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 14) is **ADOPTED**, **CONFIRMED**, and **APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.
2. The decision of the Commissioner of Social Security denying Plaintiff's claim for supplemental security income benefits is **AFFIRMED.**

3. The Clerk is directed to enter judgment in favor of the Commissioner of Social Security and against Plaintiff Alana Pond.

4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 31, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties